**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **EDWIN EDGARDO DUARTE CASTANEDA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-2281-KC** |
| | § | |
| **WARDEN, EL PASO PROCESSING CENTER, et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

On this day, the Court considered Edwin Edgardo Duarte Castaneda's Petition for a Writ of Habeas Corpus, ECF No. 1.

On September 9, 2026, the Court ordered Respondents to show cause why Duarte Castaneda's Petition for a Writ of Habeas Corpus, ECF No. 1, should not be granted, by no later than September 16. Sep. 9, 2026, Order, ECF No. 2. That deadline passed, and Respondents failed to show cause as ordered by the Court. *See* Sep. 17, 2026, Order, ECF No. 3. Accordingly, the Court ordered Respondents "to [show cause] by no later than September 18, 2026, as to (1) the reason that they failed to comply with the Court's September 9, 2026, Order; and (2) why the writ of habeas corpus should not be granted." *Id.*

Respondents now state that "the reason for not submitting the response on September 16, 2026, in accordance with the Court's order of September 9, 2026, was an inadvertent mis-calendaring by the undersigned," and that "[t]he undersigned respectfully apologizes for the error . . . ." Resp. 3, ECF No. 4. This is the second time in two weeks that the same attorney for Respondents has missed a show cause deadline. *See* Sep. 9, 2026, Order, *Pantoja Martiato v. Warden*, No. 3:26-CV-2225-KC (W.D. Tex.), ECF No. 4; Resp., *Pantoja Martiato*, No. 3:26-CV-2225-KC (Sep. 10, 2026), ECF

No. 6. The Court appreciates the apology and excuses the missed deadline this time, but again cautions Ms. Fischer that future missed deadlines may result in severe sanctions.

Turning to the Petition, Respondents inform the Court that Duarte Castaneda was removed from the United States before the Court issued its Order preventing his removal. Resp. 3. Duarte Castaneda does not contest the date of removal. *See* Reply 1–2, ECF No. 5. "[W]here an [immigration detainee] is granted the relief he requests, no 'case or controversy' remains" and thus the habeas petition is rendered moot." *Virani v. Huron*, No. 5:19-cv-499-ESC, 2020 WL 7405655, at *3 (W.D. Tex. Dec. 17, 2020) (quoting *Ortez v. Chandler*, 845 F.2d 573, 575 (5th Cir. 1988)). Because Duarte Castaneda has been removed, the Petition is now moot. *See Ortez*, 845 F.2d at 575.

While Duarte Castaneda concedes that his removal moots his habeas petition, he contends that his other, non-habeas claims are not moot. *See* Reply 3–6. But this is a habeas proceeding, not a civil proceeding, for which Duarte Castaneda has only paid the habeas filing fee, not the civil case filing fee. If Duarte Castaneda would like the Court to adjudicate his civil claims, he must file a separate civil case.

Accordingly, the Court **ORDERS** that the Petition, ECF No. 1, is **DISMISSED** as moot.

**IT IS FURTHER ORDERED** that any remaining non-habeas claims are **DISMISSED** without prejudice to refiling in a separate, non-habeas civil proceeding.

The Clerk shall close the case.

**SO ORDERED**.

**SIGNED this 18th day of September, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE